IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 14-1590

CHARLES NICHOLAS AREND

Plaintiff

v.

SAFEWAY, INC, a Delaware corporation

Defendant

## COMPLAINT

PLAINTIFF CHARLES NICHOLAS AREND, by and through his undersigned attorneys, for his complaint against the Defendant, states and alleges as follows:

## GENERAL ALLEGATIONS

1. This is a civil action against the Defendant for engaging in tortuous conduct involving the operation of its prescription drug outlet located in Delta Colorado.

2. Plaintiff Charles Nicholas Arend (Arend) is a citizen and resident of the State of Colorado.

3. Defendant Safeway Inc. (Safeway) was and is now a corporation duly organized and existing under the laws of the State of Delaware, authorized to engage in business in the State of Colorado.

4. Defendant Safeway owns and operates a prescription drug outlet duly licensed by the Colorado Board of Pharmacy (PDO.0290000010), located at 1550 HWY 92, Delta, Colorado.

5. Victoria Czepiel Nunamaker, License Number 15092, is the supervising pharmacist at the above referenced prescription drug outlet.

1

6. The actions of Nunamaker are attributable to Defendant pursuant to *respondeat superior.*

7. This is a case where the United States District Court has original jurisdiction under 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper in the United States District Court for the District of Colorado since the tortious acts complained of herein took place in the State of Colorado.

## FACTUAL ALLEGATIONS

9. Plaintiff adopts by reference and makes a part hereof, paragraphs 1 through 8 of the Plaintiff's Complaint above.

10. On or about October 16, 2012 Plaintiff Arend's physician issued a prescription for Plaintiff Arend for Gabapentin (Neurontin) 300 mg. The prescription was transmitted electronically to the Prescription Drug Outlet owned and operated by Defendant Safeway in Delta Colorado.

11. Gabapentin (Neurontin) is a medication indicated for the treatment of seizure disorders.

12. Plaintiff Arend suffers from a seizure disorder and had been prescribed the Gabapentin (Neurontin) 300mg in order to prevent him from suffering an epileptic seizure.

13. Plaintiff Arend subsequently went to the Safeway Pharmacy in Delta Colorado and purchased prescription number #6238081.

14. The prescription was filled and dispensed by pharmacist Victoria Nunamaker.

15. Pharmacist Nunamaker is and was at all times relevant herein an employee and agent of Defendant Safeway, acting within the course and scope of her employment.

16. Plaintiff Arend proceeded to take the medication contained in prescription number 6238081 as instructed by Pharmacist Nunamaker and as stated the label affixed to the

prescription container (one capsule three times daily).

17. Unknown to Plaintiff Arend at that time, Pharmacist Nunamaker filled the prescription incorrectly, affixed a false and inaccurate label to the prescription container, and dispensed an incorrect medication to Plaintiff Arend.

18. Pharmacist Nunamaker filled the prescription and dispensed Gabapentin (Neurontin) 100 mg capsules instead of the Gabapentin (Neurontin) 300 mg ordered by his physician.

19. As a result of the mis-filled prescription, Plaintiff Arend took a sub-therapeutic dose of Gabapentin (Neurontin).

20. As a result of the mis-filled prescription, Plaintiff Arend took the Gabapentin (Neurontin) at a dose that was one third the amount ordered by his physician.

21. Pursuant to C.R.S §12-42.5-120 and 21 U.S.C. §353, Gabapentin (Neurontin) 300mg is a prescription drug which can be dispensed only upon a valid prescription of a practitioner licensed by law to prescribe the drug.

22. Pharmacist Nunamaker did not have a valid prescription from a practitioner authorizing her to dispense Gabapentin (Neurontin) 100mg to Plaintiff Arend.

23. Pharmacist Nunamaker violated C.R.S §12-42.5-120 when she dispensed Gabapentin (Neurontin) 100mg to Plaintiff Arend.

24. Pharmacist Nunamaker violated 21 U.S.C. §353 when she dispensed Gabapentin (Neurontin) 100mg to Plaintiff Arend.

25. Plaintiff Arend suffered an epileptic seizure on November 15, 2012 during which he sustained severe and permanent injuries to his arm and shoulder.

## FIRST CLAIM FOR RELIEF

26. Plaintiff adopts by reference paragraphs 1 through 25 of the Plaintiff's Complaint above.

27. On the dates set forth above, the Plaintiff, then being ill and in need of prescription

medications, requested pharmaceutical care from Defendant Safeway. Plaintiff Arend requested that Defendant Safeway attend to his needs and accurately dispense to him the prescription medication prescribed for him by his physician.

28. On or about that dates referred to herein above, Pharmacist Nunamaker and Defendant Safeway dispensed to the Plaintiff a prescription containing Gabapentin (Neurontin) 100mg instead of the Gabapentin (Neurontin) 300 mg ordered by his physician.

29. Upon information and belief, Defendant Safeway failed to institute a policy and have in place and to effectively utilize a procedure whereby prescriptions would be double checked either prior to dispensing or soon after dispensing in order to detect prescription dispensing errors. If such a policy and procedure had been in place and properly utilized on the date of this incident, the injury would have been prevented.

30. Pharmacist Nunamaker's and Defendant Safeway's conduct in dispensing Gabapentin (Neurontin) 100 mg instead of the Gabapentin (Neurontin) 300 ordered by Plaintiff's physician was unreasonable, negligent, and violated the standard of care of a pharmacist practicing pharmacy in the State of Colorado.

31. In caring for Arend, Pharmacist Nunamaker and Defendant Safeway failed to exercise the degree of care and skill ordinarily exercised or possessed by similar pharmacists and pharmacies engaged in the practice of pharmacy.

32. The prescription error caused Plaintiff to suffer an epileptic seizure on November 15, 2012.

33. As a direct and proximate result of the Defendants' negligence, the Plaintiff was treated improperly, causing him to suffer from an epileptic seizure which would have been avoided had Defendants properly filled and dispensed the prescription ordered by his physician.

34. As a direct and proximate result of the Defendants' actions and conduct, Plaintiff

Arend suffered severe and permanent injuries caused by the prescription error.

35. As a direct and proximate result of the Defendants' negligence as stated above, Plaintiff has suffered serious and permanent injuries, the full extent of which has not been determined.

36. As a further direct and proximate result of such negligence, Plaintiff has suffered and will continue to suffer pain, anxiety, emotional distress, suffering, fear, medical expenses, loss of income, and loss of enjoyment of life all to Plaintiff's damage in amounts as yet undetermined and as otherwise set forth in C.R.S. §13-21-201 *et seq.*

WHEREFORE, Plaintiff demands a trial and judgment against Defendant Safeway, Inc. for actual and compensatory damages in amounts to be determined at trial, plus the costs of this action, pre and post judgment interest, attorney's fees (where and if applicable), and such other and further relief as the Court deems just and equitable.

Plaintiff reserves the right to amend this complaint to state additional claims, including claims for exemplary or punitive damages, upon substantial completion of discovery.

Respectfully submitted this 5th day of June, 2014

                        MATON & ASSOCIATES, PC

                        __/s/ Larry L. Maton_____
                        Larry L. Maton, Esq.
                        Atty Number 24074
                        PO Box 546
                        Monument, CO 80132
                        719-636-1700

                        LEHOUILLIER & ASSOCIATES

_/s/ Patric J. LeHouillier_
Patric J. LeHouillier, Esq.
Atty Number 7984
455 E Pikes Peak, STE 103
Colorado Springs, CO 80903
719-471-1330